

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 2 8 2021

CENTRAL DISTRICT OF CALIFORNIA
BY          DTA          DEPUTY

1  Dominique Daniels
2  1907 N. Keene Ave
   Los Angeles, CA 90059
3  ddaniels34@toromail.csudh.edu
   424-757-2523
4
5  Plaintiff in Pro Per
6
7
8  **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| Dominique Daniels,<br><br>       Plaintiff,<br><br>    vs.<br><br>G4S SECURE SOLUTIONS (USA) INC.,<br><br>       Defendant. | Case No.: 8:21-cv-01378-JGB-JDEx<br><br>**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)**<br><br>**[*EX PARTE* APPLICATION IS OPPOSED]**<br><br>Judge:    Hon. Jesus G. Bernal<br>Crtrm:    Riverside Crtrm 1<br>Trial Date:  None Set |

**TO THE HONORABLE COURT AND ALL PARTIES**:

PLEASE TAKE NOTICE THAT Pro Se Plaintiff Dominique Daniels

"Plaintiff" will and do hereby apply *ex parte* for an order disqualifying Judge Jesus

G. Bernal and Magistrate Judge John D. Early from all proceedings, actions,

1

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

involvement, and authority in this action pursuant to Local Rule 72-5; 28 U.S.C. §

144 and/or U.S.C. § 455(a)(b)(1).

Pursuant to Local Rule 7-19.1(a), on September 27, 2021, Plaintiff contacted

Amir H, Azimzadeh Attorney for Defendant G4S Secure Solutions (USA) Inc., on

his telephone and advised him of the substance of this *ex parte* application

(hereafter, "Application") and that she will file the Application with the Court on

September 28, 2021. (Pls. Aff. ¶ 3).  Pursuant to Local Rule 7-19.1(b), Plaintiff

notifies the Court that on September 27, 2021, she contacted and left a voicemail

and her call back number with Defendants other counsel Matthew T. Sinnott about

the filing date and substance of this Application. *Id.*  Attorneys Azimzadeh stated

that Defendant opposes the Application. *Id.*  Attorney's Amire H. Azimzadeh and

Matthew T. Sinnott address is 5800 Armada Drive, Suite 101, Carlsbad, California

92008 and their telephone number is (760) 683-8499.

Good cause exists for this Application because Plaintiff will be irreparably

prejudiced or harmed from equity, fairness, and justice if she is required to litigate

and defend her causes of actions against the Defendant in this matter; as well as

have any motions, discovery motions, dispositive motions, pre-trial motions, and

jury trial before Judge Bernal and/or Magistrate Judge Early. (Pls. Aff. ¶ 4).

Plaintiffs Application to is timely, good cause exists to file today, and it is made

and filed in good faith pursuant to 28 U.S.C. § 144. (Pls. Aff. ¶ 5).

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

This motion is based upon the Memorandum of Points and Authorities, Declaration in support of the Memorandum of Points and Authorities, all pleadings and papers in the record, and upon such written evidence that may be judicially noticed or considered with this Application.

Dated: September 28, 2021          Respectfully submitted,

<u>Dominique Daniels</u>
Plaintiff in Pro Per

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

## <u>TABLE OF CONTENTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................8

BACKGROUND AND INTRODUCTION.................................................................8

LEGAL ARGUMENT......................................................................................10

     A.    PLAINTIFFS AFFIDAVIT AND APPLICATION ARE TIMELY.....13

     B.    A REASONABLE PERSON WITH KNOWLEDGE OF THE FACTS WOULD CONCLUDE THAT MAGISTRATE JUDGE EARLY'S IMPARTIALITY MIGHT BE REASONABLY QUESTIONED IN PRESIDING OVER THIS CASE.....................................................................................................13

     C.    A REASONABLE PERSON WITH KNOWLEDGE OF THE FACTS WOULD CONCLUDE THAT JUDGE BERNAL'S IMPARTIALITY MIGHT BE REASONABLY QUESTIONED PRESIDING OVER THIS CASE ........................15

CONCLUSION ...........................................................................................19

//

//

//

//

//

//

//

4

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

# TABLE OF AUTHORITIES

## Cases

*Botts v. United States,*
  413 F.2d 41 (9th Cir. 1969) ..................................................................................11

*Clemens v. U.S. Dist. Court for Central Dist. Of California,*
  428 F.3d 1175 (9th Cir. 2005) ............................................................................12

*Gallagher v. Dep't of the Air Force,*
  84 M.S.P.R. 441 (1999) ......................................................................................15

*In re Mason,*
  916 F.2d 384 (7th Cir. 1990) ..............................................................................12

*Johnson v. Sawyer,*
  120 F.3d 1307 (5th Cir.1997) .............................................................................15

*Liteky v. United States,*
  510 U.S. 540 (1994) ................................................................................10, 11, 12

*Preston v. United States,*
  923 F.2d 731 (9th Cir. 1991) ..............................................................................13

*Spires v. Hearst Corp.,*
  420 F. Supp. 304 (C.D. Cal. 1976) .....................................................................11

*Tenants & Owners in Opposition to Redevelopment (TOOR) v. U.S. Dep't of Hous. & Urban Dev. (HUD),*
  338 F. Supp. 29 (N.D. Cal. 1972) .......................................................................11

*United States v. Azhocar,*
  581 F.2d 735 (9th Cir. 1978) ..............................................................................11

*United States v. Furst,*
  886 F.2d 558 (3d Cir.1989) *cert. denied,* 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990) ..........................................................................................13

//

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

*United States v. Holland,*
  519 F.3d 909 (9th Cir.2008) .................................................................................12

*United States v. McDonald,*
  576 F.2d 1350 (9th Cir. 1978) ..............................................................................14

*United States v. Sibla,*
  624 F.2d 864 (9th Cir. 1980) ................................................................................10

*United States v. Trapnell,*
  512 F.2d 10 (9th Cir. 1975) ..................................................................................15

*United States v. Zarowitz,*
  326 F.Supp. 90 (C.D.Cal.1971) ............................................................................11

*United States v. Zerilli,*
  328 F.Supp. 706 (C.D.Cal.1971) ..........................................................................11

*Wood v. McEwen,*
  644 F.2d 797 (9th Cir.1981) (per curiam) *cert. denied,* 455 U.S. 942, 102 S.Ct.
  1437, 71 L.Ed.2d 654 (1982) ...............................................................................13

*Yagman v. Republic Ins.,*
  987 F.2d 622 (9th Cir. 1993) ...........................................................................11, 12

**Statutes**

Canon § 1.................................................................................................................16

Canon § 2(A).............................................................................................................16

Canon § 3(A)(1)(3)(4) ..............................................................................................16

Fed.R.Civ.P 56(a) .....................................................................................................16

Fed.R.Civ.P 56(e)(2) ................................................................................................16

Fed.R.Civ.P 60(b) .....................................................................................................17

General Order No. 356 ..............................................................................................16

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

Local Rule 7-9 ................................................................................................17, 20

Local Rule 7-12 ..............................................................................................18, 20

Local Rule 7-18 ....................................................................................................17

Local Rule 7-19.1(a) ...............................................................................................2

Local Rule 7-19(b).................................................................................................2

Local Rule 56-3 ....................................................................................................16

Local Rule 72-5 ................................................................................................2, 10

28 U.S.C. § 144 ...........................................................2, 9, 10, 11, 13, 17

28 U.S.C. § 455 ...........................................................2, 10, 11, 17

//

//

//

//

//

//

//

//

//

//

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   BACKGROUND AND INTRODUCTION

On July 21, 2021, I originally filed this action against G4S Secure Solutions (USA) INC., (hereafter, "Defendant") in the Superior Court of California, County of Orange. (Pls. Aff. ¶ 6).  On August 19, 2021, Defendant moved this action to the United States District Court for the Central District of California. (Dkt. No. 1).  On August 23, 2021, a Notice of Assignment to United States Judges was filed and identified the Honorable Josephine L. Station as the original assigned District Judge and John. D. Early as the Magistrate Judge. (Dkt. No. 6).  The Initial Standing Order for this case was filed and served upon the parties in this action on August 24, 2021. (Dkt. No. 9).

On August 26, 2021, Defendant filed a Notice of Motion and Motion to Dismiss Plaintiff's Complaint with the hearing date scheduled for February 18, 2022. (Dkt. No. 10 & 10-2).  The Court continued the February 18, 2022 hearing to February 25, 2022. (Dkt. No. 12).  No opposition has been filed.  On September 1, 2021, this action was transferred to Judge Jesus G. Bernal. (Dkt. No. 15).  On September 2, 2021, Plaintiff filed a Motion for Remand (hereafter, "Motion") to State Court (Dkt. No. 16) with a scheduled hearing date for October 4, 2021.  Defendant filed a late opposition on September 15, 2021 without good cause nor excusable neglect. (Dkt. No. 19).  As of the filing date of this *ex parte* application

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

(hereafter, "Application"), no proceedings have been conducted before this Court and no ruling has not reached a on her pending Motion.  (Pls. Aff. ¶ 7).

Plaintiff made and filed her Application for disqualification of Judge Jesus G. Bernal and Magistrate John D. Early in good faith pursuant to 28 U.S.C. § 144. (Pls. Decl. ¶ 5).  Plaintiff believe and have no doubt that she cannot and will not have a fair, impartial, and lawful court process, procedures, and jury trial before Judge Bernal and/or Judge Early in this action because of their biases or appearance of bias or prejudice, hostility, and/or misconduct against her in another action involving Defendant G4S (Case No. 8:20-cv-00283-JGB(JDE), Dominique Daniels v. G4S Secure Solutions USA, Inc., et al.) (Pls. Aff. ¶ 8).  Even in the early stages of this action, Plaintiff is observing similar favoritism or an appearance of favoritism by Judge Bernal for Defendant and Defendant's attorneys which she will further discuss below and in her supporting affidavit.

Since no proceedings have yet been conducted before Judges Bernal and Judge Early in my lawsuit, and since the allegations in Plaintiff's Application and the evidence in her Affidavit are true and supported by fact, Plaintiff respectfully request and plead that Judge Jesus G. Bernal and Magistrate Judge John D. Early immediately disqualify themselves from this action and from any other action or lawsuit that Plaintiff have or may have in the United States District Court for the Central District of California.

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

## II.   LEGAL ARGUMENT

Requests for judicial disqualification are governed by 28 U.S. Code sections 144 and 455, and Local Rule 72-5. Under Section 455, judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned," (*Id*. § 455(a)), including where they have any "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" (*Id*. § 455(b)(1). Section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification under section 455(a) is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994).

Local Rule 72-5 states in part that, "A motion to disqualify a Magistrate Judge pursuant to 28 U.S.C. §§ 144 or 455 shall be made to the assigned District Judge. A copy of the motion shall be submitted to the assigned Magistrate Judge, who shall not proceed with the matter until the motion has been determined." L. R. 72-5.  If a party files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "The affidavit shall

state the facts and the reasons for the belief that bias or prejudice exists, and shall

be filed not less than ten days before the beginning of the term at which the

proceeding is to be heard, or good cause shall be shown for failure to file it within

such time." *Id*. The ten-day clause is a dated and "insubstantial" requirement, and

good cause exists in any event for ex parte relief. *Tenants & Owners in Opposition*

*to Redevelopment (TOOR) v. U.S. Dep't of Hous. & Urban Dev. (HUD)*, 338 F.

Supp. 29, 31-32 (N.D. Cal. 1972).

Allegations in an affidavit must be taken as true. *United States v. Azhocar*,

581 F.2d 735, 740 (9th Cir. 1978); *Spires v. Hearst Corp.*, 420 F. Supp. 304, 305–

06 (C.D. Cal. 1976) (Factual allegations in an Affidavits must be taken as true and

"the Court has no power or authority to contest in any way whatsoever the

necessary acceptance of truthfulness of the facts alleged, even though the Court

may be aware of facts which would indicate clearly the falsity of any such

allegations.") citing *Botts v. United States*, 413 F.2d 41 (9th Cir. 1969); *United*

*States v. Zarowitz*, 326 F.Supp. 90, 91 (C.D.Cal.1971); *United States v. Zerilli*, 328

F.Supp. 706, 707 (C.D.Cal.1971).

Under both section 455 and 144, recusal is appropriate where "a reasonable

person with knowledge of all the facts would conclude that the judge's impartiality

might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th

Cir. 1993). "The 'reasonable person' in this context means a 'well-informed,

thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person."
*Clemens v. U.S. Dist. Court for Central Dist. Of California*, 428 F.3d 1175 (9th
Cir. 2005) (citing *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). This is an
objective standard, from the perspective of "someone who 'understand[s] all the
relevant facts' and has examined the record and the law." *United States v. Holland*,
519 F.3d 909, 913 (9th Cir.2008). Recusal is justified "either by actual bias or the
appearance of bias." *Id*. at *Yagman*, 987 F.2d at 626; accord *Liteky*, 510 U.S. 540
(what matters "is not the reality of bias or prejudice but its appearance").

Although alleged bias cannot result from "mere disagreement" with a
judge's rulings; opinions formed by the judge on the basis of events of current or
prior proceedings will constitute a basis for a bias or partiality motion if they
"display a deep-seated favoritism or antagonism that would make fair judgment
impossible." *Liteky*, 510 U.S. at 555. Additionally, judicial remarks that are critical
or disapproving of, or hostile to, counsel, the parties, or their cases, will support a
bias or partiality challenge "if they reveal such a high degree of favoritism or
antagonism as to make fair judgment impossible." *Id.*, accord *Liteky*, 510 U.S. at
551 (absent any "extrajudicial source," a judge's "favorable or unfavorable
predisposition" in the course of the proceedings will be characterized as bias or
prejudice "if it is so extreme as to display clear inability to render fair judgment").
These things are evident is such a case.

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

**A.  PLAINTIFFS AFFIDAVIT AND APPLICATION ARE TIMELY**

As already discussed above, on September 1, 2021, this action was

transferred to Judge Bernal and Magistrate Judge Early (Dkt. No. 15) and Plaintiff

haven't appeared at a proceeding in this action before Judge Bernal or Magistrate

Early (Pls. Aff. ¶ 7), thus, her Affidavit is timely and without unreasonably delay

and is brought within thirty days of the case transfer. See *Preston v. United States*,

923 F.2d 731, 732–33 (9th Cir. 1991) citing *Cf. United States v. Furst*, 886 F.2d

558, 581–82 n. 30 (3d Cir.1989) (motion to recuse judge from sentencing timely

where movant "did not unreasonably delay in filing ... motion"), *cert. denied*, 493

U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990); *Wood v. McEwen*, 644 F.2d

797, 802 (9th Cir.1981) (per curiam) (recusal motion under 28 U.S.C. § 144

untimely where made sixteen months after grounds for disqualification arose), *cert.*

*denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982).

**B.  A REASONABLE PERSON WITH KNOWLEDGE OF THE**
**FACTS WOULD CONCLUDE THAT MAGISTRATE JUDGE**
**EARLY'S IMPARTIALITY MIGHT BE REASONABLY**
**QUESTIONED IN PRESIDING OVER THIS CASE.**

1.  On February 12, 2020, and amongst other Defendants, Plaintiff filed a

separate lawsuit against Defendant in Federal Civil Case No. 8:20-cv-00283-JGB

(JDE) which was and still is assigned to Judge Jesus G. Bernal and Magistrate

Judge John D. Early. (Pls. Aff. ¶ 9). During a Zoom Settlement Conference in that

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

matter on April 22, 2021, and while in a private break-out-room with Magistrate

Judge Early, he told Plaintiff that maybe if she "win the lotto" that her lawsuit

against the Defendants "will all go away." *Id*. Magistrate Early spent an excessive

amount of time speaking with Defendant G4S attorneys and in-house

representative during the conference and showed no or very little interest and/or

effort in speaking with Plaintiff to reach a settlement agreement. *Id* at ¶ 10.

Magistrate Early told Plaintiff that he doesn't have the ability to settle the case and

repeatedly tried to end the settlement conference every time he resumed back to

Plaintiffs break out room. *Id*.

    Magistrate Early remarks and conduct towards Plaintiff were not based on

the facts, evidence, or merits of the case, instead, they were based on his dislike

and hostility against Plaintiff for suing Defendant and other Defendants, as well as

his personal and unfair predisposed opinion against Plaintiff that she should not

have filed a lawsuit against Defendant and that she is only suing Defendant to get

money. *Id* at ¶ 11.  A reasonable person with knowledge of the above facts would

clearly conclude that it is impossible for Magistrate Early to make a fair judgement

for Plaintiff during any settlement conference, discovery or trial proceeding, or any

other proceeding in this matter because of his bias and/or biased appearance

against Plaintiff and his high favoritism and advocacy for Defendant. See *United*

*States v. McDonald*, 576 F.2d 1350, 1358 (9th Cir. 1978) (But a judge must be

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

aware of his sensitive judicial position and be on guard to avoid even the appearance of advocacy or partiality.") citing *United States v. Trapnell*, 512 F.2d 10, 12 (9th Cir. 1975); *Johnson v. Sawyer,* 120 F.3d 1307, 1334 (5th Cir.1997) (reassigning case on remand to another district court judge "to preserve the appearance of impartiality, fairness and justice"); *Gallagher v. Dep't of the Air Force,* 84 M.S.P.R. 441, 443 (1999) (reassigning case on remand to a different administrative judge "because the appearance of partiality here has sufficiently tainted the proceeding below"). Magistrate Early must be disqualified.

**C.** **A REASONABLE PERSON WITH KNOWLEDGE OF THE FACTS WOULD CONCLUDE THAT JUDGE BERNAL'S IMPARTIALITY MIGHT BE REASONABLY QUESTIONED PRESIDING OVER THIS CASE.**

1. As stated in section B above, Plaintiff filed a separate lawsuit against Defendant G4S in Case No. 8:20-cv-00283-JGB(JDE) which Judge Jesus G. Bernal was and still is assigned to. (Pls. Aff. ¶ 9). At the earlier stages of that case, Plaintiff did not believe that Judge Bernal was biased or would be biased or prejudice against her in the action. (Pls. Aff. ¶ 12). It was not until Judge Bernal's conduct in handling of Defendant's Partial Summary Judgement "MPSJ" (Dkt. No. 122) on August 16, 2021, that Plaintiff knew and believed he was unfair or appeared to be unfair against Plaintiff, and highly in favor of and advocating for Defendant G4S and the other Defendants in Case No. 8:20-cv-00283-JGB-JDE. *Id.*

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

2.      Contrary to Fed.R.Civ.P 56(a), General Order No. 356, and Canon §§§ 1, 2(A), 3(A)(1)(3)(4), Judge Bernal unfairly and with disregard, ignored the factual allegation and evidences in Plaintiffs' memorandum of points and authorities, declaration, notice of lodging exhibits, objections to evidence, statement of genuine issues of material facts in dispute and/or her own statement of undisputed facts in support of her opposition to Defendant MPSJ. (Pls. Aff. ¶ 13). However, in high and light most favorable to Defendant G4S and the other Defendants, Judge Bernal considered and accepted all of their evidence and documents used to support their MPSJ, granted part of the MPSJ, and disposed Plaintiff's false arrest/false imprisonment and 4th Amendment unlawful arrest/ unreasonable detention causes of action, and part of her intentional inflections of emotional distress claim arising from those causes of actions. *Id*. If not for Judge Bernal's unfair or appearance of unfair conduct in handling the MPSJ in high favor of Defendant, Plaintiff claims would have survived summary judgement. *Id*.

3.   In his Order to Defendant G4S's MPSJ, Judge Bernal used his discretion pursuant to Fed.R.Civ.P 56(e)(2) and Local Rule. 56-3 and deem Defendant's statement of undisputed facts admitted existing without controversy (Dkt. No. 168, p. 2) when the record shows that Plaintiff actually and properly disputed Defendant alleged undisputed facts.  (Pls. Aff. ¶ 14).  In contrast, Judge Bernal almost entirely disregarded Plaintiff's statement of genuine issues of material facts in dispute and

16

chose not to and did not use his discretion to admit Plaintiff's own statement of

undisputed facts to exist without controversy, especially when the Defendants

failed to respond or properly respond to Plaintiff's own statement of disputed facts.

*Id*. If not for Judge Bernal's unfair or appearance of unfair conduct in using his

discretion in high favor of Defendant and totally against Plaintiff, her false arrest/

false imprisonment, 4th Amendment, and part of her intentional infliction of

emotional distress claims would have survived summary judgement. *Id*.

       4.     On August 26, 2021, in Case No. 8:20-cv-00283-JGB(JDE), and

pursuant to Local Rule 7-18 and Fed.R.Civ.P 60(b), Plaintiff filed a Memorandum

of Points and Authorities in Support of her Motions for Reconsideration and Relief

(Dkt. No. 171), from Judge Bernal's Order (Dkt. No. 168) granting in-part

Defendant's MPSJ. (Pls. Aff. ¶ 15). Defendant G4S and the other Defendants in

that case filed with the Court and served Plaintiff an untimely Opposition (Dkt. No.

174) on September 9, 2021, which was due by September 7, 2021. *Id*. Plaintiff

filed a Reply on September 13, 2021, and informed Judge Bernal in the Reply that

Defendants Opposition was untimely in violation of Local rule 7-9 and its twenty

(21) days filing deadline and that it is, but not limited to, filed in bad faith, for

scandalous matter, and that if is prejudicial to Plaintiff. (Dkt. No. 181, p. 2 lines 1-

6); *Id*. at Pls. Aff. at ¶ 15. Judge Bernal disregarded and never responded to

Plaintiff's information. *Id*.

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

5.     Plaintiff asked Judge Bernal for Relief and Reconsideration of his

Order (Dkt. No. 168) granting in-part Defendant G4S's and the other Defendants

MPSJ because he failed to consider almost all of Plaintiff's relevant and material

facts and arguments presented to him in her Opposition to the MPSJ, because he

applied or mistakenly applied the incorrect summary judgement and probable

cause standards in granting the Defendants MPSJ, and because he incorrectly

decided dispositive issues of material facts which are preserved for a jury to

decide. (Dkt. No. 171, p. 8 lines 6-28; p. 9 lines 1-28; p. 11 lines 11-28; pp. 12-31);

(Pls. Aff. ¶ 16).  In her Reply to the Defendant's Response in Opposition to the

Motions for Reconsideration and Relief, Plaintiff also asked Judge Bernal to use

his discretion and powers pursuant to Local Rule 7-12 and Ninth Circuit case laws

to grant her Motions due to Defendant G4S and the other Defendants inexcusable

and untimely Opposition and implied consent to grant Plaintiff's Motions for

Reconsideration and Relief. (Dkt. No. 181, p. 4 lines 11-28; p. 5; p. 6 lines 1-8).

*Id*. at Pls. Aff. ¶ 16.  Judge Bernal did not and chose not to use his discretion and

powers to do these things, instead, he used his discretions and inherent powers and

vacated the September 27, 2021 hearing date for Plaintiff's Motions for Relief and

Reconsideration and stayed the entire action own his own motion pending an

appeal filed by Plaintiff. (Minute Order, Dkt. No. 184); *Id*. at Pls. Aff. At ¶ 16.

//

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

Judge Bernal's unfair or appearance of unfair conduct in not using his

discretion to grant Plaintiff Motions based on Defendant G4S and the other

Defendants untimely Opposition and implied consent but vacating the September

27, 2021 hearing date to hear Plaintiff's Motions for Reconsideration and Relief;

unfairly prejudiced Plaintiff from have her Motions decided on the merits or being

justly granted, highly favors Defendant G4S from having the Court's granting of

their MPSJ on Plaintiff's false arrest/false imprisonment, 4th Amendment, and

intentional infliction of emotional distress causes of action reversed, and relives the

court of its duties to treat and handle Plaintiff and her Motions just and fairly and

to decide the Motions on the merits. (Pls. Aff. ¶ 17).

6.     On September 10, 2021, Plaintiff filed a Motion and Affidavit for

Leave to Appeal In Forma Pauperis and Notice of Appeal to the Ninth Circuit on

Judge Bernal's Order granting G4S's and the other Defendants MPSJ in Case No.

8:20-cv-00283-JGB(JDE). (Dkt. No. 176 & 177); (Pls. Aff. ¶ 18).  After staying

the case pending appeal, Judge Bernal used his discretion and denied Plaintiff's

Motion for Leave to Appeal In Forma Pauperis without stating a reason for the

denial. (Dkt. No. 185). Judge Bernal's conduct and actions here highly favors the

Defendants but is harmful and unfair to Plaintiff as they prevent or attempt to

prevent her from seeking a fair and impartial ruling by the Appeals Court on his

granting of Defendant G4S and the other Defendants MPSJ. *Id.* at Pls. Aff. at ¶ 18.

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

7.     On September 2, 2021 in this instant action, Plaintiff filed a Motion for Remand to State Court because Defendant G4S failed to make an affirmative showing that Plaintiff is a domiciled citizen of the United States and California and because this Court lacks subject matter jurisdiction over Plaintiff's state causes of action. (Dkt. No. 16); (Pls. Aff. ¶ 19).  Similar to Defendant G4S conduct above, on September 15, 2021, it filed an untimely Opposition (which was due by September 13, 2021) to Plaintiff's motion without seeing a timely extension of time to file its response and without proving excusable neglect for filing its late Opposition (Dkt. No. 10); *Id.* at Pls. Aff. at ¶ 19.  On September 20, 2021, Plaintiff filed a Reply to Defendant G4S's late Opposition and asked Judge Bernal's again to use his discretion and inherent powers pursuant to Local Rule 7-12 to deem her Motion granted for Defendants untimely Opposition in disregard and violation of Local Rule 7-9. (Dkt. No. 20, pp. 2-6); *Id.* at Pls. Aff. at ¶ 19.  Similar to Judge Bernal's unfairness or appearance of unfairness in using his discretion as discussed in paragraphs 3, 5 and 6 above, and based on Plaintiff's knowledge at the time of filing the instant Application and Affidavit, he did not and chose not to use his discretion to grant Plaintiff's Motion for Remand given Defendant G4S's consent or implied consent to grant the Motion. (Pls. Aff. ¶ 19). Based on, but not limited to the totality of the facts and circumstances above, Plaintiff have no doubt that she will not have fair and impartial proceeding before Judge Bernal or Magistrate

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)

1    Judge Early. (Pls. Aff. ¶ 19)

2    **III.    CONCLUSION**

3
4          Given the allegations contained in the Application and attached affidavit,

5    which the Court must presume to be true, and putting aside the question if actual

6
7    prejudice exists, there can be no doubt that a reasonable person looking at the

8    totality of the situations would harbor doubts about the Court's impartiality and/or

9    biasness against Plaintiff in this action, thus, Judge Jesus G. Bernal and Magistrate

10
11   Judge John D. Early should certainly recuse themselves under 28 U.S.C. § 144 and

12   § 455.

13   Dated: September 28, 2021                    Respectfully submitted,
14
15                                                Dominique Daniels
16                                                Plaintiff in Pro Per

17

18

19

20

21

22

23

24

25

26

27

28

NTC OF MTN & MTN TO DISQUALIFY MAGISTRATE AND DISTRICT JUDGE
PURSUANT TO LOCAL RULE 72-5; 28 U.S.C. § 144; AND 28 U.S.C. § 455(a)(b)(1)