JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 21-1378 JGB (JDEx)** | Date | October 12, 2021 |
|---|---|---|---|
| Title | *Dominique Daniels v. G4S Secure Solutions USA, Inc.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiffs' Ex Parte Application to Disqualify Magistrate Judge John D. Early and Judge Jesus G. Bernal; (2) GRANTING Plaintiff's Motion to Remand (Dkt. No. 16); and (3) VACATING the October 18, 2021 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Dominque Daniels's ("Plaintiff") ex parte application to disqualify Magistrate Judge John D. Early and Judge Jesus G. Bernal ("Application," Dkt. No. 23) and motion to remand. ("Motion," Dkt. No. 16.) The Court determines these matters are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Application and the Motion, the Court DENIES Plaintiff's Application and GRANTS Plaintiff's Motion. The October 18, 2021 hearing is VACATED.

### I. BACKGROUND

On July 21, 2021, Plaintiff filed a complaint against Defendant G4S Secure Solutions USA, Inc., in the Superior Court of California for the County of Orange. ("Complaint," Dkt. No. 1-3.) The Complaint alleges five causes of actions: (1) discrimination on the basis of disability in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq.; (2) failure to provide reasonable accommodation in violation of FEHA; (3) failure to engage in a good faith interactive process in violation of FEHA; (4) retaliation in request to a request for accommodation in violation of FEHA; and (5) wrongful termination and constructive discharge in violation of public policy. The matter was referred to the Honorable John D. Early and the Honorable Josephine L. Stanton. (Dkt. No. 6.) On

September 1, 2021, the matter was transferred to Judge Early and the Honorable Jesus G. Bernal. (Dkt. No. 15.)

On August 19, 2021 Defendant filed its notice of removal. ("Notice of Removal," Dkt. No. 1.) Plaintiff filed the Motion on September 2, 2021. Defendant filed a late opposition on September 15, 2021. ("Opposition," Dkt. No. 19.) Plaintiff replied on September 20, 2021. ("Reply," Dkt. No. 20.)

On September 28, 2021, Plaintiff filed the Application to disqualify Judge Early and Judge Bernal. Defendant opposed the Application on September 29, 2021.

## II. LEGAL STANDARD

### A. Application to Disqualify

Local Rule 72-5 provides that a motion to disqualify a magistrate judge pursuant to either 28 U.S.C. §§ 144 or 455 shall be decided by the district judge assigned to the case. See L.R. 72-5. "If the District Judge denies the motion, the case shall proceed as originally assigned." Id.

Under 28 U.S.C. § 144, a party may seek to disqualify a judge based on assertions that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. To be timely, the affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." Id. The affidavit must "be accompanied by a certificate of counsel of record stating that it is made in good faith." Id.

A motion to disqualify a judge or magistrate judge may also be brought under 28 U.S.C. § 455, which addresses different circumstances that may merit a judge's recusal. Section 455 provides that a judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. § 455(a). Recusal is proper "[w]here [a judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1). "While no per se rule exists regarding the time frame in which recusal motions [under Section 455] should be filed … recusal motions should be filed with reasonable promptness after the ground for such a motion is ascertained." Preston v. United States, 923 F.2d 731, 733 (9th Cir. 1991).

The Ninth Circuit has explained that "the substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). A party may demonstrate disqualifying bias or prejudice when "the alleged bias [ ] stem[s] from an 'extrajudicial source.'" Liteky v. United States, 510 U.S. 540, 554–56 (1994)). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion." Id. at 555. Moreover, "opinions formed by the judge on

the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

**B. Motion to Remand**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Serv., LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). Courts must resolve doubts regarding removability in favor of remanding the case to state court. Id.

Where, as here, an action is removed based on diversity, complete diversity must exist at the time of removal. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

When removal is sought on diversity grounds, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). In the Ninth Circuit, the amount in controversy is assessed at the time of removal. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Though a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, when the amount in controversy is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Dart Cherokee, 135 S. Ct. at 550.

//
//
//
//

### III.   DISCUSSION

#### A.  Application to Disqualify

The Court first finds that Plaintiff's Application is not timely under 28 U.S.C. § 144. Plaintiff filed the Application on September 28, 2021, only seven days before the October 4, 2021 hearing on Plaintiff's Motion instead of the required ten days.  Because of Plaintiff's untimely Application, the Court continued the Motion hearing to October 18, 2021.  (Dkt. No. 27.) Plaintiff has not shown good cause for the delay.  Accordingly, to the extent Plaintiff's Application is brought pursuant to 28 U.S.C. § 144, the Court DENIES the Application.  The Court next considers Plaintiff's Application under 28 U.S.C. § 455.

##### 1.  Judge Early

The Court first determines that Plaintiff's Application against Judge Early is untimely under 28 U.S.C. § 455.  While Plaintiff argues that the Application is timely because it was filed within thirty days of the case's transfer to Judge Early and Judge Bernal, her complaint against Judge Early arises from a settlement conference that occurred on April 22, 2021. (Application at 13–14.)  Because Plaintiff filed the Application five months after the settlement conference, the Court concludes that the Application was not filed with reasonable promptness.

The Court also finds that the Application contains inadmissible evidence.  Plaintiff argues that Judge Early is biased against her because of his alleged belief that Plaintiff should not have filed the instant lawsuit and that Plaintiff's sole motivation behind the lawsuit is "to get money." (Application at 14.)  In support, Plaintiff points to statements made by Judge Early during an April 22, 2021 settlement conference between the parties.  (Id. at 14.)  As Defendant notes, however, these statements occurred in the context of confidential settlement negotiations and are inadmissible.  Fed. R. Evid. 408(a).

Even if the referenced statements are considered, the Court finds that a reasonable person with knowledge of the instant facts would not question Judge Early's impartiality.  Because the alleged statements and conduct occurred in Judge Early's role as mediator of the settlement conference, they do not stem from an extrajudicial source.  Plaintiff presents no evidence that they amount to more than opinions Judge Early formed on the basis of the settlement conference proceedings.  An allegation that statements are "critical or disapproving of, or even hostile to" Plaintiff is insufficient to establish bias or partiality.  Liteky, 510 U.S. at 555.  Plaintiff also fails to demonstrate that Judge Early's actions constitute deep-seated favoritism or antagonism.  Plaintiff contends that Judge Early spent more time with Defendant during the settlement conference than with Plaintiff.  But, as Defendant argues, a reasonable person could conclude that it was necessary for Judge Early to spend more time with Defendant in order to reach a settlement proposal, "considering the five defendants involved." (Appl. Opp'n at 5.)  Accordingly, the Court DENIES the Application to disqualify Judge Early.

//

### 2. Judge Bernal

Plaintiff argues that Judge Bernal is biased against Plaintiff based on the following actions:

- The Court's August 12, 2021 order granting-in-part and denying-in-part Defendant's motion for summary judgment on Plaintiff's causes of action in a separate matter pending before Judge Bernal, Daniels v. G4S Secure Solutions USA Inc., et al., Case No. 8:20-00283 (C.D. Cal. Aug. 12, 2021), ECF No. 168, and vacating the August 16, 2021 hearing on the motion;

- The Court's September 23, 2021 order staying all further proceedings in Daniels v. G4S Secure Solutions USA Inc., et al., Case No. 8:20-00283, ECF No. 184, pending resolution of Plaintiff's appeal to the Ninth Circuit, and vacating the September 27, 2021 hearing on Plaintiff's motion for reconsideration;

- The Court's September 24, 2021 order denying Plaintiff's motion for leave to appeal in forma pauperis in Daniels v. G4S Secure Solutions USA Inc., et al., Case No. 8:20-00283, ECF No. 185; and

- The Court's pending ruling on the instant Motion, which the Court had not yet issued when Plaintiff filed the Application.

For each of the above actions, Plaintiff asserts that Judge Bernal did not use "his discretion" to reach a more favorable ruling for Plaintiff. (Application at 15–18.) However, how Judge Bernal ruled on Plaintiff's motions are judicial rulings, which "alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. The proper method of challenging a court ruling is generally via appeal. A pending judicial ruling, as is the case with Plaintiff's Motion, provides an even less valid basis for disqualification.

Plaintiff provides no other evidence to support her allegations of bias. Based on the facts presented, the Court concludes a reasonable person would not question Judge Bernal's impartiality merely because he did not deny Defendant's summary judgment motion in its entirety and did not grant Plaintiff's motion for reconsideration and motion for leave to appeal in forma pauperis. Accordingly, the Court DENIES the Application to disqualify Judge Bernal.

### B. Motion to Remand

Plaintiff moves to remand the action, arguing that Defendant failed to show complete diversity exists between Plaintiff and Defendant. (Mot.) The Court disagrees. However, the Court finds that Defendant failed its burden of proving the requisite amount in controversy.

//
//
//

1. **Complete Diversity**

    Defendant removed this action on the basis of diversity jurisdiction. (Notice of Removal at 2.) Defendant alleges it is a Florida citizen, whereas Plaintiff is a California citizen. (Id.) The parties do not dispute Defendant's citizenship. (Id.; Compl. ¶ 6.) Plaintiff's sole argument is that Defendant has not sufficiently alleged Plaintiff permanently resides in California. (Mot. at 6–7.) The Court is unpersuaded. Defendant directly cites Plaintiff's allegation in the Complaint that her "address" is in California. (Notice of Removal at 2.) This allegation meets Defendant's burden to file a notice with "a plausible allegation" that diversity of citizenship exists. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).[1] Moreover, Plaintiff does not deny in the Motion or Reply that her domicile is California. She only asserts that Defendant does not allege whether Plaintiff's address is a temporary or permanent home address. (Mot. at 6.) Accordingly, the Court concludes that Plaintiff is a citizen of California for the purpose of diversity jurisdiction.

2. **Amount in Controversy**

    Defendant asserts that the amount in controversy more likely than not exceeds $75,000. (Notice of Removal ¶ 20.) Plaintiff seeks compensatory, general, actual, and punitive damages, as well as interest in damages, back pay and front pay, civil penalties, reasonable attorney's fees, and costs. (Compl. at 24–25.) However, the Complaint does not allege specific amounts or an amount in controversy. (Id.) Though Plaintiff does not challenge Defendant's allegations with respect to the amount in controversy, the Court examines sua sponte whether Defendant has met this requirement to establish diversity jurisdiction. S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990).

    Defendant first asserts that, based on Plaintiff's hourly rate and average hours worked, Plaintiff could claim "more than $34,272" in back pay and lost wages.[2] (Notice of Removal ¶¶ 22–24.) For support, Defendant submits declarations from its human resources manager who reviewed Plaintiff's personnel records and its attorney. (Id., Ex. 1, Ex. 2.) In order to reach $75,000, however, Defendant simply "[a]ssum[es] Plaintiff claims at least the same amount in future lost wages, plus the statutory rate of interest," without providing any evidence. (Id. ¶ 24.) This assertion is too speculative and to prove that the amount in controversy is at least $75,000.

---

[1] In the Opposition, Defendant also asserts that Plaintiff provided a California proof of residence to apply for employment with Defendant. (Opp'n at 1.)

[2] Defendant asserts that July 21, 2020 was the date of Plaintiff's constructive discharge. However, this appears to be in error. Plaintiff filed the Complaint on July 21, 2021, and the Complaint alleges that Plaintiff's medical leave of absence expired on or about July 7, 2020. Accordingly, the Court construes July 7, 2020 as the date of Plaintiff's constructive discharge. The time between July 7, 2020 and August 19, 2021, when Plaintiff filed the Complaint, is fifty-eight weeks. Under this calculation, Defendant's evidence suggests that Plaintiff can claim at least $34,884 in back pay and lost wages (58 weeks x $17.00 per hour x 36 hours per week).

Defendant provides an alternative method of calculation and cites two cases with similar claims for emotional distress damages as Plaintiff's with the jury award exceeding $75,000. Two cases do not prove that Plaintiff's damages for emotional distress will more likely than not exceed $75,000, or exceed $75,000 when combined with Plaintiff's damages for lost wages. Nor are they sufficient to overcome the strong presumption against removal. Accordingly, the Court concludes that Defendant has not met its burden to prove that the amount in controversy is in excess of $75,000.

## IV.   CONCLUSION

For the reasons established above, the Court DENIES Plaintiff's Application to disqualify Judge Early and Judge Bernal. The Court GRANTS Plaintiff's Motion. The October 18, 2021 hearing on the Motion is VACATED. The case is REMANDED to the Superior Court of California for the County of Orange.

**IT IS SO ORDERED.**